IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GERALD R. SMITH, )
 )
    Plaintiff, )
 )
vs. ) Case No. CIV-22-440-D
 )
FED EX, FREDERICK W. SMITH, )
EBAY, and JEREMY ZINN, )
 )
    Defendants. )

# ORDER

Plaintiff, who is proceeding *pro se*, initiated this action in state court asserting several claims arising from Defendants' alleged failure to deliver packages to Plaintiff's residence. *See* Petition [Doc. No. 1-1]. Defendants FedEx,[1] Smith, and Zinn, with the consent of Defendant eBay, timely removed the case on the basis of diversity jurisdiction. *See* Notice of Removal [Doc. No. 1]. Three documents are now pending before the Court: a Motion for Stay and To Compel Arbitration filed by eBay [Doc. No. 6]; a Motion to Dismiss or, in the Alternative, Motion to Make More Definite and Certain [Doc. No. 8] filed by Defendants FedEx, Frederick W. Smith, and Jeremy Zinn; and an untitled filing by Plaintiff that appears to be seeking remand to state court [Doc. No. 10]. Defendants FedEx, Smith, and Zinn responded in opposition to Plaintiff's request for remand. Each of these matters is now ripe for disposition.

---

[1] FedEx represents that it was incorrectly identified on the Petition and that the proper entity is FedEx Ground Package Systems, Inc. For ease of reference, the Court will refer to it as FedEx. *See* Notice of Removal ¶ 2.

### I.     Plaintiff's Untitled Filing Seeking Remand

The majority of Plaintiff's untitled filing is devoted to insulting the Court, impugning (without basis) the credibility of opposing counsel, and threatening to file criminal charges against various individuals. As a pro se litigant, Plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This leniency does not, however, entitle Plaintiff to make baseless accusations against opposing counsel or to file documents containing insulting or abusive language. Plaintiff is warned that further conduct in this vein will not be tolerated and may result in sanctions. *See* Fed. R. Civ. P. 11; *Garrett* v. *Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

In any event, liberally construing Plaintiff's filing, he appears to be objecting to the removal of this action from state court. To remove a case to federal court, a defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a). Defendants did just that and relied on diversity of citizenship among the parties in seeking removal. *See* 28 U.S.C. § 1332(a)(1). Plaintiff provides no argument or evidence showing that, for purposes of subject matter jurisdiction, Defendants' averments as to their citizenship are in dispute or that the amount in controversy is lacking. Additionally, although Plaintiff contends that "removal of this Case is not proper" because there were pending motions in state court at the time of removal, his argument is neither legally nor factually correct. The state court docket sheet included with the notice of removal reflects that there were no pending motions at the time

of removal and, even if there were, that would not preclude removal of the action. *See* LCvR81.2(b).

Accordingly, to the extent Plaintiff's untitled filing seeks remand of this case to state court, it is DENIED.[2]

## II. Motion to Dismiss

Plaintiff's claims against FedEx, Mr. Smith, and Mr. Zinn appear to arise from FedEx's failure to deliver a package (or packages) that Plaintiff ordered through eBay's online marketplace. He asserts that FedEx, Mr. Smith (FedEx's CEO), and Mr. Zinn (a FedEx employee located in Texas) engaged in a criminal conspiracy to steal his packages and attempt to "murder" Plaintiff and his dog. Mr. Smith and Mr. Zinn move for dismissal of these claims under Rule 12(b)(2) for lack of personal jurisdiction. Mr. Smith, Mr. Zinn, and FedEx additionally seek dismissal under Rule 12(b)(6) for failure to state a claim.[3]

---

[2] Plaintiff's untitled filing also makes a few vague references to eBay's attempt to compel arbitration of his claims and to cases that discuss personal jurisdiction, an issue that is raised by Mr. Smith and Mr. Zinn in their motion to dismiss. Because pro se pleadings are entitled to a liberal construction, the Court will assume that Plaintiff intended his filing to serve as a response to Defendant's arguments on these particular issues rather than deem the issues confessed pursuant to LCvR 7.1(g). Plaintiff's filing does not address FedEx's argument that he has failed to state a claim. However, because the Tenth Circuit has instructed district courts to "examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim" even where a response has not been filed, *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003), the Court considers the merits of FedEx's arguments on this issue.

[3] In evaluating the sufficiency of Plaintiff's claims, the Court is mindful that he is proceeding pro se and his pleadings are to be construed liberally. *Hall*, 935 F.2d at 1110. Still, a "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. And although it is appropriate to "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and

3

### A. Personal Jurisdiction

The burden of establishing personal jurisdiction falls to the plaintiff, but where "the issue is raised early on in litigation, based on pleadings (with attachments) and affidavits, that burden can be met by a prima facie showing." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011). At this stage, "all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiffs' complaint" are accepted as true. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (internal citation omitted). However, "even well-pleaded jurisdictional allegations are not accepted as true once they are controverted by affidavit." *Shrader*, 633 F.3d at 1248.

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process." *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). In Oklahoma, this test becomes a single inquiry because Oklahoma's long-arm statute reaches to the full extent of due process. *Id.* "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" *Id.* (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559 (1980)). This standard may be met in two ways:

> First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant if the defendant has purposefully directed his

---

sentence construction, or his unfamiliarity with pleading requirements[,] the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 940 (10th Cir. 2005) (internal citation and quotation marks omitted) (alterations in original).

activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.

*Id.* (quotation marks and citation omitted).

Mr. Smith and Mr. Zinn assert that neither specific nor general jurisdiction is present because they are nonresident defendants with no connections to the State of Oklahoma. The Court agrees. The Petition alleges that Mr. Zinn is employed by FedEx at a location in Texas and fails to assert any non-conclusory allegations showing that Mr. Zinn purposefully directed any activity at Plaintiff. Additionally, Plaintiff has not offered any argument controverting Mr. Zinn's affidavit, which indicates that he is a resident and citizen of Texas, has not delivered any packages to Oklahoma, and does not own real estate or conduct any business in Oklahoma. As for Mr. Smith, Plaintiff alleges that he is the CEO of FedEx, but fails to include any non-conclusory allegations showing that Mr. Smith personally maintains any contacts with Oklahoma or that he purposefully directed any activities towards Plaintiff.[4]

Accordingly, Plaintiff has failed to establish that the Court may exercise personal jurisdiction over either Mr. Zinn or Mr. Smith.

---

[4] To the extent Plaintiff seeks to pierce the corporate veil of FedEx and hold Mr. Smith individually liable for the actions of FedEx, his allegations are conclusory and therefore insufficient to state such a claim.

## B. Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id*. (internal quotation omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Under this standard, all well-pled factual allegations are accepted as true. *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012). Conclusory statements, however, are not entitled to the assumption of truth and courts are free to disregard them. *Id*. at 1191.

Disregarding any conclusory allegations, the Petition includes the following factual allegations as to FedEx: Plaintiff purchased an item from eBay that was shipped to him via FedEx; that he never received the item; that he corresponded via email with a FedEx employee about the issue but it was not resolved adequately; that a FedEx driver attempted to murder Plaintiff and his dog by running them over; that a person hired by FedEx contacted Plaintiff to have him complete a claim form; that Plaintiff wrote a letter to FedEx indicating that they were not permitted on his property; that FedEx then refused to make deliveries to Plaintiff; that Plaintiff sent a letter to FedEx informing them to stop stealing

his property and describing another attempt by a FedEx employee to run Plaintiff over; and that Fed Ex provided Plaintiff with a tracking number for a package but the shipment was delayed or otherwise only available for pickup at a facility in Texas.

Based on these allegations, Plaintiff asserts claims for "criminal actions" of fraud, conspiracy, receiving/transporting stolen property, damaging Plaintiff's personal property, and "attempted murder." To the extent Plaintiff seeks to pursue criminal charges against FedEx, such charges are obviously not appropriate in this civil action. However, liberally construed, Plaintiff could be attempting to assert claims against FedEx for civil conspiracy or fraud.[5] But he has failed to plead facts, as opposed to mere labels and conclusions, showing that FedEx knowingly made a material misrepresentation or entered into an agreement to commit an unlawful act. *See Key Fin., Inc. v. Koon*, 371 P.3d 1133, 1137 (Okla. Civ. App. 2015) (requiring a material misrepresentation known to be false to succeed on a fraud claim); *Schovanec v. Archdiocese of Oklahoma City*, 188 P.3d 158, 175 (Okla. 2008) (requiring an agreement between two or more people to commit an unlawful act to succeed on a civil conspiracy claim).

---

[5] Additionally, as Defendants point out, to the extent Plaintiff intended to assert claims against FedEx for breach of contract or negligence based on FedEx's failure to deliver packages, those claims would be preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. "The Carmack Amendment codifies an initial carrier's liability for goods lost or damaged in shipment," *A.T. Clayton & Co. v. Missouri-Kansas-Texas R. Co.*, 901 F.2d 833, 834 (10th Cir. 1990), and "preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading." *Underwriters at Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989). Plaintiff does not dispute that FedEx meets the requirements necessary to limit its liability under the Carmack Amendment or that the Carmack Amendment preempts any claims for breach of contract or negligence.

Plaintiff also appears to be attempting to hold FedEx vicariously liable for assault or conversion based on his allegation that a FedEx driver attempted to murder Plaintiff and his dog by running them over with a vehicle. Ordinarily, "it is not within the scope of an employee's employment to commit an assault upon a third person." *Rodebush By & Through Rodebush v. Oklahoma Nursing Homes, Ltd.*, 867 P.2d 1241, 1245 (Okla. 1993). An employer can, however, be liable for an employee's intentionally tortious conduct when it is done to further the employer's interest. *Miner v. Mid-Am. Door Co.*, 68 P.3d 212, 223 (Okla. Civ. App. 2003). But here, Plaintiff merely asserts in conclusory fashion that FedEx had its driver attempt to run Plaintiff over and fails to provide any factual allegations indicating the conduct was done in furtherance of FedEx's interests.[6] *See id.*

Accordingly, Plaintiff has failed to state any plausible claims against FedEx.

### III.   Motion to Compel Arbitration

Plaintiff's claims against eBay arise from eBay's alleged failure to deliver a product that was purchased from eBay's online marketplace. eBay contends that arbitration of these claims is mandated by the Federal Arbitration Act, 9 U.S.C. §§ 1-16, because Plaintiff consented to an arbitration clause contained in eBay's User Agreement when he made his purchase.

The Federal Arbitration Act ("FAA") provides that any written arbitration agreement in a contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9

---

[6] Moreover, Plaintiff's assault claim would be barred by the statute of limitations. *See* Okla. Stat. tit. 12, § 95(A)(4).

U.S.C.A. § 2. "This provision reflects 'a liberal federal policy favoring arbitration agreements,'" and establishes that "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *BOSC, Inc. v. Bd. of Cnty. Commissioners of Cnty. of Bernalillo*, 853 F.3d 1165, 1170 (10th Cir. 2017) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).

Where the making of an arbitration agreement or the refusal to comply with an arbitration agreement are disputed, the issues are resolved using a process that resembles summary judgment practice:

> the party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement and the opposing party's failure, neglect, or refusal to arbitrate; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement or the failure to comply therewith. When a quick look at the case reveals that no material disputes of fact exist, a district court may decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration.

*BOSC, Inc.*, 853 F.3d at 1177 (internal citations and quotation marks omitted).

Here, there is no genuine dispute of material fact regarding the existence of an arbitration agreement or Plaintiff's failure to comply with the agreement. eBay has presented sufficient evidence demonstrating that Plaintiff was notified that he was required to accept eBay's User Agreement prior to purchasing an item from its online marketplace, that the User Agreement contained an arbitration provision, and that Plaintiff consented to the User Agreement when he clicked the button necessary to confirm and complete his purchase. These sorts of "clickwrap" agreements, where an internet user is required to consent to terms by clicking a dialogue box in order to proceed with a transaction, are

9

routinely upheld as creating a binding contract.[7] *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1255 (10th Cir. 2012).

Additionally, there is no dispute that the arbitration provision contained in the User Agreement applies to this particular controversy. The arbitration provision involved here is broad and requires the parties to arbitrate "any claim or dispute" that "relates in any way to or arises out of…the actions of eBay…or any products or services sold." Plaintiff's claims arise from eBay's alleged failure to deliver an item that Plaintiff purchased through eBay and therefore fall within the purview of this provision. *See Cummings v. FedEx Ground Package Sys., Inc.,* 404 F.3d 1258, 1261 (10th Cir. 2005) (recognizing that a presumption of arbitrability arises where an arbitration clause is broad); *Newmont U.S.A. Ltd. v. Ins. Co. of N. Am*., 615 F.3d 1268, 1274 (10th Cir. 2010) (arbitration provision including the phrase "arising out of" is broad and covers the parties' dispute).

As there is no material factual dispute regarding the existence of a valid arbitration agreement, and because the arbitration agreement encompasses the claims against eBay, the FAA mandates that this action be referred to arbitration. 9 U.S.C. § 3. Accordingly,

---

[7] Even where the Federal Arbitration Act applies, courts use state law principles to determine whether a contract has been formed. *Hancock*, 701 F.3d at 1255. eBay notes that the User Agreement contains a choice of law provision indicating that Utah law governs the claims. Plaintiff does not dispute this, although he apparently accepted the User Agreement in Oklahoma, his state of residence. Because eBay has presented undisputed evidence showing that Plaintiff had reasonable notice of the User Agreement and manifested assent to it by clicking the box required to complete his purchase, the agreement is valid under either state's contract formation principles. *See id.* at 1258 (finding that clickwrap agreement valid under Oklahoma law); *Anderson v. Amazon.com, Inc*., 478 F. Supp. 3d 683, 698 (M.D. Tenn. 2020) (enforcing arbitration provision contained in clickwrap provision under Utah law).

Defendant eBay Inc.'s Motion for Stay and to Compel Arbitration [Doc. No. 6] is GRANTED.

## CONCLUSION

As set out above, the Motion to Dismiss or, in the Alternative, Motion to Make More Definite and Certain [Doc. No. 8] filed by Defendants FedEx Ground Package System, Inc., Frederick W. Smith, and Jeremy Zinn is GRANTED. The claims against Defendants Smith, Zinn, and FedEx are dismissed without prejudice. The Motion for Stay and To Compel Arbitration filed by eBay [Doc. No. 6] is also GRANTED. This action is stayed and will be administratively closed pending the outcome of the arbitration proceedings. The parties shall jointly notify the Court of the completion of the arbitration proceedings within 14 days thereof. If a party seeks to reopen this action for any appropriate purpose, a motion to reopen must be filed no later than seven days after the filing of the notice to the Court. Finally, to the extent Plaintiff's untitled filing [Doc. No. 10] seeks any relief, it is DENIED.

IT IS SO ORDERED this 19th day of July, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge